UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:   BRIGHT GREEN CORPORATION,                                    No. 25-10195-j11
a Delaware corporation,

Debtor.

BRIGHT GREEN CORPORATION,

Plaintiff,

v.                                                                              Adversary No. 25-1010-j

JOHN FIKANY,

Defendant.

**MEMORANDUM OPINION REGARDING THE MOTION TO ABSTAIN AND
REMAND THIS ADVERSARY PROCEEDING TO STATE COURT**

This matter is before the Court on the Motion to Abstain from Exercising Jurisdiction over

New Mexico Lawsuit and to Remand Lawsuit Back to the Thirteenth Judicial State District Court

of New Mexico ("Motion to Abstain and for Remand" – Doc. 4) filed by Defendant John Fikany.

The Court held a final evidentiary hearing on the Motion to Abstain and for Remand on May 28,

2025. The Court will abstain from exercising jurisdiction and remand this adversary proceeding to

state court.

**BACKGROUND**

This background is derived from the allegations in Debtor's amended complaint filed in

the State Court Action (defined below) and the statement of facts in Mr. Fikany's Motion to

Abstain and for Remand (Doc. 4) and are undisputed. It is provided as background for the Court's

findings of fact, set forth below, which are based on the evidence presented at a hearing held on

May 28, 2025.

Bright Green Group of Companies of New Mexico Inc. ("Bright Green Group of

Companies") applied for a New Mexico medical marijuana license in or around April 2015 but

later withdrew the application. The Stockwells have also been involved other Bright Green entities, including Bright Green Grow Innovations, LLC. Bright Green Corporation was incorporated in 2019. To differentiate Bright Green Corporation from other entities with names that include "Bright Green," the Court will refer to Bright Green Corporation as "Debtor."

A business plan was developed to construct large greenhouse facilities for growing and researching medicinal plants, the production and sale of cannabis products for pain management, and the manufacture and sale of health drinks, oils, and other products in compliance with federal law. A plan was developed to lease land from the Acoma Pueblo, a federally recognized tribal entity, to construct a much larger greenhouse facility (the "Acoma Pueblo Project") to produce and export federally legal cannabis, cannabis extracts, and THC.

Debtor currently owns property in Grants, New Mexico, on which certain greenhouse facilities had been constructed. However, Debtor has never operated those greenhouse facilities and is not currently generating any income.

## FACTS[1]

The relevant facts are primarily related to the pending state court action for which abstention and remand is sought, *Bright Green Corporation vs. John Fikany*, D-1333-CV-2020-0023 (the "State Court Action"), and the procedural history of this adversary proceeding (the "Adversary Proceeding") and the Debtor's related chapter 11 bankruptcy case, Case Number 25-10195-j11 (the "Bankruptcy Case"). (Bk Doc. 1).[2]

---

[1] At the evidentiary hearing on May 28, 2025, the Court heard testimony and admitted documentary exhibits. It also took judicial notice of the dockets in the Bankruptcy Case and the Adversary Proceeding, as well as the documents filed on the dockets. Findings of fact in this section not accompanied by a citation to exhibits or documents on the record are based on the testimony at the hearing.

[2] References to "Bk Doc. __" are references to the docket number of documents filed in Debtor's Bankruptcy Case (No. 25-10195-j11). References to "AP Doc. __" are references to the docket number of documents filed in this Adversary Proceeding (No.25-1010).

1. <u>The State Court Action</u>

On October 23, 2020, Debtor commenced the State Court Action before the New Mexico District Court in the Thirteenth Judicial District by filing a complaint against Mr. Fikany seeking a declaratory judgment. (Exhibits A, N). Debtor filed an Amended Complaint for Declaratory Judgment (the "Amended Complaint") on January 22, 2021. (Exhibits A, N). The Amended Complaint is the operative complaint. In short, the Amended Complaint alleges there was an oral agreement (the "Agreement") between John Stockwell, that Mr. Fikany would (1) become the Chief Executive Officer of Bright Green Group of Companies "with the main goal of completing" the Acoma Pueblo Project, and (2) be compensated, conditioned on completion of the transaction with the Acoma Pueblo, with among other compensation, a $500,000 annual salary, a $1,000,000 bonus, and 5,000,000 shares in Bright Green Group. (Exhibit A). The Amended Complaint alleges that in or around late May 2019 Bright Green Grow Innovations, LLC merged with Bright Green Corporation with the resulting corporate survivor being Bright Green Corporation (the Debtor). *Id*. Debtor seeks a declaratory judgment that (i) there never was an agreement entitling Mr. Fikany to become a shareholder of Debtor, (ii) Mr. Fikany never became a shareholder of Debtor, (iii) Mr. Fikany "did not fulfill and satisfy the agreed upon and express conditions precedent to earn the compensation [contemplated by the Agreement] by failing to complete the Acoma Pueblo Project and obtaining all necessary licenses and approvals needed to operate the hemp and cannabis growing operation" and (iv) Mr. Fikany is not entitled to any stock in Debtor. *Id*.

Mr. Fikany filed a jury demand, an answer to Debtor's Amended Complaint, counterclaims against Debtor, and third-party claims against Lynn Stockwell and John Stockwell in March 2021.[3] *Id*. The facts relevant to Mr. Fikany's claims against Debtor and his claims against Lynn Stockwell

---

[3] The Court will refer to Debtor and the Stockwells collectively as "Debtor/Stockwells."

and John Stockwell are inextricably interwoven. *See* (Exhibit B, pages 25-40). In his claims against Debtor and the Stockwells, Mr. Fikany asserts he is entitled to compensatory, punitive, and/or statutory damages under the following theories: (1) wrongful termination in violation of public policy, (2) unpaid wages under N.M.S.A. 1978, § 50-4-4(A), (3) breach of employment contract, (4) promissory estoppel, (5) fraud in the inducement, (6) breach of the duty of good faith and fair dealing, (7) negligent misrepresentation, (8) constructive trust, (9) breach of personal guarantee, and (10) breach of contract. (Exhibit B; State Court Pretrial Order, Doc. 21-10).

The parties actively litigated the State Court Action from October 2020 to April 2024. The parties engaged in extensive discovery, including written discovery involving thousands of documents and over a dozen depositions, and litigated motions to compel discovery, a motion in limine, a motion to strike Debtor/Stockwells' expert, cross motions for summary judgment by Debtor/Stockwells and Mr. Fikany, and a motion for partial summary judgment. (Exhibit N). After a pretrial conference, the State Court entered a Pretrial Order setting a five-day trial consisting of 1) a bench trial on Debtor's Amended Complaint seeking a declaratory judgment against Mr. Fikany and any other claims for equitable relief, and 2) a separate a jury trial on Mr. Fikany's claims (all for legal relief). (State Court Pretrial Order, Doc. 21-10). In the Pretrial Order, Debtor listed 29 specific exhibits it anticipated presenting at trial, and listed three "will call" witnesses and nine specific "may call" witnesses. *Id*. Mr. Fikany anticipated presenting 96 specific exhibits and listed six "will call" and 1 "may call" witnesses. *Id*.

Although the entire trial—including the bench and jury trials—was anticipated to require five days, the bench trial alone took five days, beginning on Thursday, April 18, 2024, and continuing through Wednesday, April 24, 2024. (Exhibit N). At the bench trial, the State Court

- 4 -

admitted over 100 exhibits. After the bench trial, the parties submitted closing briefs and proposed findings of fact and conclusions of law. *Id*.

Following the bench trial in the State Court Action, the State Court issued detailed findings of fact and conclusions of law in which the State Court determined that 5,000,000 shares of stock in Debtor were transferred to Mr. Fikany as a result of which he became the owner of the shares, Mr. Fikany's entitlement to the shares was not contingent on completion of the Acoma Project, and even if there had been such a contingency it was satisfied. (Exhibit C). The State Court also ruled, with respect to Mr. Fikany's damages claim for the lost value of his 5,000,000 shares of stock which the State Court found to have been wrongfully canceled:

> Mr. Fikany can present to the jury the range of the value of the stock during the week [Debtor] went public which was approximately between $10 and $50 a share and it's a jury question to decide what Fikany would have done with the shares. Defendants Bright Green and Lynn and John Stockwell may cross examine and argue that the shares if not sold then would be worthless.

*Id*.

Because the bench trial on Debtor's declaratory judgment complaint took up the days set aside for both the bench and jury trials, the State Court was not able to convene the jury trial on Mr. Fikany's claims for legal relief during the time it had set aside for the trial. Consequently, the State Court continued the jury trial on Mr. Fikany's claims for legal relief to October 28, 2024. (Exhibit N). The parties then engaged in further motion practice including Debtor's (1) motion to reconsider the findings of fact and conclusions of law, (2) motions in limine regarding damages, and (3) motion for interpleader, all of which the State Court denied. *Id*. (Exhibit N). Subsequently, for medical reasons relating to Lynn Stockwell, the State Court continued the jury trial to begin on February 24, 2025. (Exhibits D, N). In preparation for the February jury trial, the parties filed proposed stipulated and contested jury instructions, and the State Court set a hearing on "all

- 5 -

pending matters" for February 20, 2025. (Exhibit N). However, on Saturday, February 22, 2025, Debtor filed a "Notice of Bankruptcy and Automatic Stay." *Id*. The State Court vacated the jury trial set to begin two days later on Monday, February 24, 2025, and instead held an emergency hearing regarding sanctions against Lynn Stockwell and John Stockwell individually for jury costs and attorneys' fees and costs associated with the trial. (Exhibit BB). An order resulting from that hearing has not yet been entered. *Id*.

In April 2025, Mr. Fikany's counsel in the State Court Action contacted the State Court judge asking about "options he would be willing to consider" for the jury trial in the event this Court remanded the case. (Exhibit O). The State Court judge responded by email, stating that the "soonest we can hold the jury trial would be September 15-19. Otherwise, we would hold it later this calendar year." *Id*. Counsel for Debtor and the Stockwells in the State Court Action represents other clients in wholly unrelated matters with various trial settings making him unavailable for a jury trial in the State Court Action from September 2025 through March 2026 unless one or more of those other trials settles or is continued. Such counsel is a partner in a 65-lawyer firm. Only a few of those lawyers are trial attorneys.

2.  The Bankruptcy Court Proceedings

This Adversary Proceeding is pending in the Bankruptcy Case commenced by Debtor by filing of a voluntary petition for relief on February 22, 2025. (Bk Doc. 1). With regard to the Bankruptcy Case, John Stockwell is an authorized representative of Debtor. Lynn Stockwell is the Chief Executive Officer of Debtor and the ultimate decision-maker for Debtor.

On March 11, 2025, Mr. Fikany filed a motion in the Bankruptcy Case for relief from stay ("Motion for Relief from Stay" – Bk Doc. 31) to permit the jury trial to proceed in the State Court Action. Ten days later, on March 21, 2025, Debtor removed the State Court Action to this Court,

- 6 -

thereby initiating this Adversary Proceeding. (AP Doc. 1). On April 4, 2025, Mr. Fikany filed the Motion to Abstain and for Remand (AP Doc. 4) asking the Court to abstain from exercising jurisdiction based on the criteria for both mandatory abstention and, in the alternative, permissive abstention, and to remand the Adversary Proceeding to the State Court. On the same date, April 4, 2025, Mr. Fikany filed a notice under Federal Rule of Bankruptcy Procedure 9027(e)(3)(A) that he "does not consent to the entry of final orders or judgment by the Bankruptcy Court in this matter." (AP Doc. 5).

In the Bankruptcy Case, the Court fixed a claims bar date of April 14, 2025. (Bk Doc. 17). On April 11, 2025, after the State Court Action was removed to this Court, Mr. Fikany filed a proof of claim in the Bankruptcy Case for $488,241,260. (Bk Claim 10). Attached to the proof of claim is a copy of Mr. Fikany's counterclaim against Debtor in the State Court Action. *Id*. On May 28, 2025, Debtor filed an objection to Mr. Fikany's proof of claim. (Bk Doc. 114). The claims that form the basis for Mr. Fikany's proof of claim are identical to the claims asserted by Mr. Fikany against Debtor in the State Court Action. (Bk Claim 10). If the Motion to Abstain and for Remand were granted, the resolution of Mr. Fikany's claims in the State Court Action will be dispositive of the allowance or disallowance of Mr. Fikany's claims asserted in his proof of claim.

Also on May 28, 2025, Lynn Stockwell filed a proof of claim in the amount of $935,221 based on money loaned to Debtor. (Bk Claim 12). The proof of claim asserts that Lynn Stockwell's claim is secured by a mortgage, a copy of which is attached to the proof of claim. *Id*. John Stockwell has not filed a proof of claim.

On May 22, 2025, Lynn Stockwell filed a motion to dismiss Mr. Fikany's claim against Debtor, asking the Court to make findings that are inconsistent with findings made by the State Court in the State Court Action. (Bk Doc. 109). Also on May 22, 2025, John Stockwell filed a

motion asking the Court, among other things, to determine that the State Court made erroneous findings regarding Debtor's liability to Mr. Fikany. (Bk Doc. 107).

The Court held a final hearing on Mr. Fikany's Motion for Relief from Stay (Bk Doc. 31) and Motion to Abstain and for Remand (AP Doc. 4) on May 28, 2025. On May 29, 2025, the Court entered a stipulated order that the automatic stay does not bar the State Court proceedings against Lynn Stockwell and John Stockwell individually. (Bk Doc. 115).

## DISCUSSION

Mr. Fikany contends that mandatory abstention is required under 28 U.S.C. § 1334(c)(2) on all claims in this Adversary Proceeding. In the alternative, Mr. Fikany asks the Court to permissively abstain from exercising jurisdiction over all claims under 28 U.S.C. § 1334(c)(1). Finally, Mr. Fikany seeks remand of this Adversary Proceeding to the State Court pursuant to 28 U.S.C. § 1452(b). Debtor opposes abstention and remand. The Court will address mandatory abstention, permissive abstention, and remand.

1. Mandatory Abstention.

28 U.S.C. § 1334(c)(2) provides that the court "shall abstain from hearing" a proceeding removed to federal court under § 1334 that is "based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11" if "an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction." Abstention is mandatory if six requirements are satisfied: (1) the motion for abstention is timely; (2) the proceeding is based on state law claims; (3) the claims asserted in the proceeding are non-core "related to" claims; (4) there is no basis for federal jurisdiction other than

- 8 -

28 U.S.C. § 1334; (5) an action has been commenced in state court; and (6) the action can be timely adjudicated in state court.[4]

The Court has concluded that (1) the third mandatory abstention requirement is not satisfied because Mr. Fikany's claims against Debtor are core claims and (2) discretionary abstention is warranted with respect to Mr. Fikany's claims against the Stockwells. The Court therefore will limit its analysis of mandatory abstention to the non-core proceeding requirement.

Mandatory abstention applies to claims in a removed proceeding only if the claims asserted are not core claims.[5] Pursuant to 28 U.S.C. §§ 157(a) and 1334(a), bankruptcy courts exercise core jurisdiction over "civil proceedings [involving claims] arising under title 11, or arising in or related to cases under title 11." A proceeding adjudicating such claims is a core proceeding. *See* 28 U.S.C. § 157(b)(1). In contrast, a proceeding adjudicating claims "related to" a case under title 11 but not arising under title 11 or arising in a case under title 11 (non-core claims) is a non-core proceeding. *See* 28 U.S.C. § 157(c)(1).[6] Adjudicating non-core claims invokes the court's non-core jurisdiction.

Core proceedings involve rights created by bankruptcy law, or proceedings that would only arise within the context of a bankruptcy case.[7] When removed to bankruptcy court, a prepetition state court action by a creditor against the debtor is a non-core proceeding, at least until the creditor

---

[4] *In re Cashco, Inc.*, 614 B.R. 715, 723 (Bankr. D.N.M. 2020) (quoting *Personette v. Kennedy* (*In re Midgard Corp.*) ("*Midgard*"), 204 B.R. 764, 776-80 (10th Cir. BAP 1997)).

[5] *Telluride Asset Resolution, LLC v. Telluride Global Development, LLC (In re Telluride Income Growth, L.P.),* 364 B.R. 390, 398 (10th Cir. BAP 2007) ("Section 1334(c)(2) pertains only to non-core matters and provides guidelines for when a bankruptcy court must abstain . . . .").

[6] *See Midgard*, 204 B.R. at 771 (stating that proceedings that fall within the Court's "related to jurisdiction" under 28 U.S.C. § 1334(c)(2) are "not core proceedings").

[7] *See Gardner v. United States* (*In re Gardner*), 913 F.2d 1515, 1518 (10th Cir. 1990) ("[A]ctions which do not depend on the bankruptcy laws for their existence and which could proceed in another court are non-core proceedings.").

files a proof of claim in the bankruptcy case, because it necessarily does not involve rights created by bankruptcy law or matters that can only arise within the context of a bankruptcy case.[8] However, if a creditor files a proof of claim in the bankruptcy case asserting a claim against the bankruptcy estate, the proceeding to adjudicate allowance or disallowance of the claim is a core proceeding. *See* 28 U.S.C. § 157(b)(2)(B).

Mr. Fikany contends that the Adversary Proceeding is a non-core proceeding subject to mandatory abstention because it involves purely state law claims against Debtor and non-debtor parties, was filed before commencement of Debtor's bankruptcy case, and does not raise any claims that depend upon bankruptcy law for their existence. Even if these assertions are true, however, the issue before the Court is whether Mr. Fikany's filing of a proof of claim in the Bankruptcy Case based on the same claims against Debtor asserted in the State Court Action transforms the Adversary Proceeding into a core proceeding.[9]

As to this issue, Mr. Fikany argues that the Court must not consider his proof of claim in deciding whether the removed State Court Action is a "core" or "non-core" proceeding because mandatory abstention is based upon the posture of the case on the date of removal of the State Court Action, relying in part on *In re Schempp Real Estate, LLC,*, 303 B.R. at 872 ("[T]he Court's determination on the abstention issue must be made based on the current posture of the case."). Mr. Fikany did not file his proof of claim until after removal of the State Court Action to this Court.

---

[8] *In re Schempp Real Estate, LLC*, 303 B.R. 866, 873 (Bankr. D. Colo. 2003) ("A case which has been commenced in state court is, by definition, a non-core proceeding . . . because '[a]ctions . . . which could proceed in another court are not core proceedings.'" (quoting *Gardner*, 931 F.3d at 1518 (second alteration in original)).

[9] This issue not only has implications for whether mandatory abstention applies, but also, as discussed below, for whether Mr. Fikany is entitled to a jury trial on the claims in bankruptcy court.

- 10 -

The Court generally agrees that jurisdiction, including whether a proceeding falls within the Court's "core" or "non-core" jurisdiction, should be determined in a removed proceeding based on the state of affairs as of the date of removal.[10] Consequently, representations by a debtor, like those asserted by Debtor, that it intends to file a proceeding seeking to set aside a fraudulent transfer under § 548 or seek to subordinate a claim under § 510(c), at some future time, do not render the removed proceeding core.[11] Nevertheless, the Court concludes that Mr. Fikany's claims against Debtor in the Adversary Proceeding are core claims.

Mr. Fikany's filing of a proof of claim asserting the same claims against the estate that are at issue in the Adversary Proceeding, and Debtor's objection to the proof of claim, triggered the claims allowance process described in § 157(b)(2)(B).[12] The triggering of the claims allowance process invoked the Court's core jurisdiction under § 1334(b) to adjudicate those claims in the Adversary Proceeding. Entry of a final order on Mr. Fikany's claims against Debtor in the Adversary Proceeding would allow or disallow his claims against the estate asserted by proof of claim, even though the proof of claim was filed after removal. Hence, the non-core claims against Debtor in the Adversary Proceeding were transformed into core claims upon the filing of the proof

---

[10] *See Kidd v. Southwest Airlines Co.,* 891 F.2d 540, 546 (5th Cir. 1990) ("In most cases, federal courts base decisions about subject matter jurisdiction after removal on the plaintiff's complaint as it existed at the time that the defendant filed the removal petition."); *Legal Xtranet, Inc. v. AT&T Mgmt. Servs.* (*In re Legal Xtranet, Inc.*), 453 B.R. 699, 703 (Bankr. W.D. Tex. 2011) ("[T]he court must determine its jurisdiction based on the pleadings of the time [the debtor] filed its notice of removal.").

[11] *See Emigrant Business Credit Corp. v. Hanratty (In re Ebury St. Cap., LLC)*, 664 B.R. 639, 652 (Bankr. S.D.N.Y. 2024) (explaining that "equitable subordination . . . concerns the treatment of an 'allowed claim' within a bankruptcy case—not the nature of a preexisting lawsuit, which is the focus of the mandatory abstention inquiry" and concluding that "[t]he mere fact that the [d]ebtor [d]efendants may seek equitable subordination of [creditor's] claims in the Alabama Bankruptcy Case does not transform [a s]tate [c]ourt [a]ction, filed years before, into a core proceeding."); *Schempp*, 303 B.R. at 873 ("[W]hether or not the debtor has counterclaims that may be stated as § 544 actions, has no relevance to the character of the Court's jurisdiction or whether remand is appropriate.").

[12] *Langenkamp v. Culp*, 498 U.S. 42, 44 (1990) (filing a proof of claim "triggers the process of 'allowance and disallowance of claims' . . . .").

- 11 -

of claim and the Debtor's objection thereto.[13] Because this Adversary Proceeding is a core proceeding with respect to adjudication of Mr. Fikany's claims against Debtor, mandatory abstention does not apply with respect to those claims.[14]

In contrast, the claims against non-debtor parties, the Stockwells, are not core. Such claims raise state law causes of action that do not depend upon the bankruptcy laws for their existence and, are, therefore, potentially subject to mandatory abstention under 28 U.S.C. § 1334(c)(2).[15]

Rather than apply the mandatory abstention requirements to the claims against the Stockwells, the Court will consider whether to abstain from exercising jurisdiction under the permissive abstention analysis and equitable remand with respect to all claims asserted in this removed adversary proceeding.

2. Permissive Abstention and Remand.

Whether to permissively abstain from exercising jurisdiction and whether to remand a removed case are interrelated questions because a decision to permissively abstain in an action

---

[13] See; *Kurz v. EMAK Worldwide, Inc.*, 464 B.R. 635, 643 (D. Del. 2011) (stating that if the proof of claim raises the identical issues as those raised in the state action, the filing of the proof of claim "transforms a pre-petition state law action into a core proceeding); *McClelland v. Braverman Kaskey & Caprara, P.C. (In re McClelland)*, No. 03-37997 (CCM), 2005 WL 3789130, at *5 (Bankr. S.D.N.Y. July 26, 2005) ("Even traditionally non-core claims can become core claims where they arise from the same operative facts as the basis for the proof of claim."); *Steinman v. Spencer* (*In re Argus Grp. 1700, Inc.*), 206 B.R. 737, 748 (Bankr. E.D. Pa. 1996) (filing a proof of claim transforms a pre-petition state law claim into a core proceeding "only . . . where the proof of claim raises the same claims as the state law action") *aff'd sub nom. Argus Grp. 1700, Inc. v. Steinman*, 206 B.R. 757 (E.D. Pa. 1997).

[14] *In re Petrie Retail, Inc.*, 304 F.3d 223, 232 (2d Cir. 2002) ("[W]here a matter constitutes a core proceeding, the mandatory abstention provisions of section 1334(c)(2) are inapplicable."); *see also St. Vincent's Hospital v. Norrell* (*In re Norrell*), 198 B.R. 987, 993–994 (Bankr. N.D. Ala. 1996) (because the removed proceeding "involve[d] the allowance or disallowance of a claim against the estate and a counterclaim by the debtor against an entity which filed a claim against the estate" the matters were core proceedings).

[15] *See In re Exide Techs.*, 544 F.3d 196, 214 (3d Cir. 2008) (observing that "the case law belies the assertion that, when a plaintiff files a proof of claim in a debtor's bankruptcy case, it creates core bankruptcy jurisdiction over claims against non-debtor defendants as well").

- 12 -

removed from state court necessarily will result in remand of the action to state court. Further, the factors relevant to permissive abstention and the factors relevant to whether to remand are substantially the same.[16] The Court therefore will consider permissive abstention and remand together.[17]

The Court may abstain "from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11" in "the interest of justice, or in the interest of comity with State court or respect for State law . . . ." 28 U.S.C. § 1334(c)(1). The Court "may remand [a removed] claim or cause of action on any equitable ground." 28 U.S.C. 1452(b). Because these statutes speak in general terms, such as "any equitable ground," "the interest of justice," "the interest of comity with State court," and "respect for State law," courts have developed factors to guide decisions on whether remand and abstention is warranted.[18]

The nonexclusive permissive abstention and remand factors the Court may consider include:

1. The effect of abstention and remand on the administration of the bankruptcy estate, including whether claims could be timely adjudicated in state court to meet the needs of the bankruptcy case;

2. The extent to which state law issues predominate over bankruptcy issues;

---

[16] *In re Anderson*, 2025 WL 1482981, at *7 (Bankr. S.D. Ohio May 19, 2025) ("The factors to be considered by the district court when determining whether permissive abstention or equitable remand is appropriate are virtually the same." (citation modified)); *Jeffrey Simpson v. First Republic Bank* (*In re JJ Arch LLC*), 2024 WL 2933427, at *13 n.18 (Bankr. S.D.N.Y. June 10, 2024) (observing that the factors relevant to the equitable remand analysis are "essentially the same" as the permissive abstention factors); *Viper Prods. & Servs, LLC v. Diamondback E&P, LLC* (*In re Viper Prods. & Servs., LLC*), 2022 WL 2707879, at *2 (Bankr. N.D. Tex. July 11, 2022) ("Because the two doctrines share a similar purpose, the same factors related to permissive abstention also relate to equitable remand.").

[17] Other bankruptcy courts have similarly considered remand and abstention together. *In re JJ Arch LLC*, 2024 WL 2933427, at *13 n.18 (bankruptcy courts in the Southern District of New York typically consider abstention and remand together).

[18] *In re Stabler*, 418 B.R. 764, 769 (8th Cir. BAP 2009) ("Because the statute speaks in general concepts, *i.e.,* the 'interest of justice' and ''interest of comity,' courts have developed specific criteria to determine whether abstention is warranted.").

- 13 -

3. The difficult or unsettled nature of the applicable law;

4. Whether abstention and remand serves principles of judicial economy;

5. The presence of a related proceeding commenced in state court or another non-bankruptcy court;

6. The feasibility of severing non-core state law claims from core bankruptcy claims;

7. The jurisdictional basis for the bankruptcy court to hear the claims in the removed proceeding, if any, other than 28 U.S.C. § 1334;

8. The whether the removed proceeding is a core proceeding;

9. The likelihood that commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

10. The existence of a right to jury trial;

11. The presence of non-debtor parties;

12. The burden the proceeding places on the bankruptcy court's docket;

13. Whether remand lessens the possibility of inconsistent results;

14. Whether the court where the action originated has greater expertise;

15. The status of the proceeding in the state court prior to removal and the status of the proceeding in bankruptcy court; and

16. Whether the nature of the proceeding better suited for state court or bankruptcy court.[19]

Bankruptcy courts have discretion to determine the relative weight to give each factor.[20] A bankruptcy court may permissively abstain from hearing either core or non-core matters because whether the proceeding is a core or non-core is a permissive abstention factor, not a requirement.[21]

The Court will consider the relevant permissive abstention factors.

---

[19] These factors are derived from *In re Baker*, 577 B.R. 308, 311 (8th Cir. BAP 2017); *George B. Love v. Barnes Banking Corp.* (*In re George Love Farming, LLC*), 438 B.R. 354 at *6 (10th Cir. BAP 2010) (Table), *aff'd sub nom. In re George Love Farming, LLC*, 420 F. App''x 788 (10th Cir. 2011); *Midgard*, 204 B.R. at 778-79; *Alarid v. Pacheco* (*In re Pacheco*), 616 B.R. 126, 133-34 (Bankr. D.N.M. 2020); *Com. Fin. Servs., Inc. v. Bartmann (In re Com. Fin. Servs., Inc.)*, 251 B.R. 414, 429 (Bankr. N.D. Okla. 2000). Numerous other cases articulate the permissive abstention factors.

[20] *In re Viper Prods. & Servs., LLC*, 2022 WL 2707879, at *2.

[21] *In re Thrive Nat'l Corp.*, 605 B.R. 229, 236 (Bankr. D. Utah 2019) (Bankruptcy courts may abstain from core matters and non-core matters).

*The effect of abstention on the administration of the bankruptcy estate, including whether claims could be timely adjudicated in state court to meet the needs of the bankruptcy case.*

Mr. Fikany's claims against Debtor must be liquidated before the Court can decide whether to confirm a plan in the Bankruptcy Case. Given the State Court's long history with the State Court Action, including the extensive pretrial proceedings, the five-day bench trial already held, and the State Court's availability to set a jury trial in September 2025, adjudication of this proceeding is likely to occur faster in the State Court than in this Court.

Debtor argues against abstention and remand, contending that counsel for Debtor and the Stockwells in the State Court Action is unavailable for a trial in the State Court Action between September 2025 and March 2026 due to trials set in a variety of cases in which counsel is representing other clients, unless one or more of those trials is continued or cases settle. However, Debtor and the Stockwells will need counsel in this litigation even if the Court does not remand the Adversary Proceeding, so counsel's availability is a neutral consideration on whether to abstain and remand. Moreover, Debtor has not yet commenced operations, currently has no income, has not filed a motion to employ a successor to its current counsel who has filed a motion to withdraw (Bk Doc. 56), and has withdrawn its Plan and Disclosure Statement (Bk Docs. 87–88), all of which will likely delay the plan confirmation process.

Given these timing concerns, unless this case is converted or dismissed,[22] if the Court remands the Adversary Proceeding, the Court would be receptive to extending the period in which only Debtor may file a reorganization plan (the "Exclusivity Period") for a reasonable time, upon a timely request by Debtor. § 1121(d)(1). Under § 1121(d)(2)(A), the Court, for cause, may extend the Exclusivity Period for up to 18 months after commencement of the bankruptcy case. An

---

[22] A final hearing is set for June 9, 2025, on a motion to dismiss or convert filed by the United States Trustee. (Bk Doc. 49).

- 15 -

extension of the Exclusivity Period in the Bankruptcy Case would create greater flexibility for the State Court to set a jury trial when Debtor's state court counsel is available or for Debtor and the Stockwells to find other counsel, if necessary, and would accommodate the needs of the Bankruptcy Case.

This factor thus weighs neither in favor of nor against abstention and remand.

*The extent to which state law issues predominate over bankruptcy issues.*

The claims and defenses at issue in the Adversary Proceeding are governed wholly by state law. Debtor argues that state law issues will not predominate over bankruptcy issues because the Court should take into account that Debtor will assert 1) a subordination claim under § 510(b) with respect to any State Court judgment in favor of Mr. Fikany relating to the cancellation of Mr. Fikany's stock in Debtor, and 2) a fraudulent transfer claim against Mr. Fikany under § 548 relating to stock in Debtor transferred to Mr. Fikany. If the Court remands this Adversary Proceeding, these bankruptcy claims, which are now only in prospect, can be adjudicated in this Court, if asserted, after the State Court enters a final judgment.

This factor weighs in favor of abstention and remand.

*Whether the removed proceeding is a core proceeding.*

For the reasons discussed above, the Adversary Proceeding is a core proceeding with respect to adjudication of Mr. Fikany's claims against Debtor. This factor weighs against abstention and remand as to those claims. The claims asserted in the State Court Action against the Stockwells, however, are non-core.

This factor thus does not tip the scale in favor of or against abstention and remand.

- 16 -

*Judicial economy and forum shopping.*

The State Court bifurcated the trial in the State Court Action into a bench trial on Debtor's claim for a declaratory judgment and a jury trial on Mr. Fikany's claims for damages asserted as counterclaims against Debtor and third-party claims against the Stockwells. The State Court denied cross motions for summary judgment and made detailed findings of fact and conclusions of law following a five-day bench trial on the declaratory judgment claim. The State Court denied Debtor's request for a declaratory judgment and denied a motion for reconsideration. If the State Court had granted the requested declaratory judgment, it would have nullified Mr. Fikany's damages claims against Debtor and the Stockwells at least with respect to claim for lost profits damages. The State Court's denial of a declaratory judgment is interlocutory. If the Court retains jurisdiction and denies remand, the State Court's denial of a declaratory judgment would be subject to revision by this Court because a final judgment cannot be entered by the State Court until Mr. Fikany's damages claims are resolved. Because the denial of their declaratory judgment action is interlocutory, the Stockwells[23] ask this Court to correct what they assert are manifest errors in the State Court's findings and conclusions. Mr. Stockwell urges that correction of the asserted errors is in the interest of justice and is supported by a public policy that would be furthered if Debtor's business flourishes.

While these requests for this Court to address the alleged errors of the State Court are understandable, they are not good reasons for this Court to deny abstention and remand. Such

---

[23] *See* Motion to Determine Core Proceeding Status, Request Relief on Disputed Claims, and Rule on Erroneous State Court Findings, Adversary Proceedings (Bk Doc. 107) filed by John Stockwell; Motion to Dismiss Disputed Creditor Claim of John Fikany (Bk Doc. 109) filed by Lynn Stockwell. The Court is not ruling on the motions filed by the Stockwells. The Court is noting what the Stockwells argue in the motions, however, since John Stockwell is an authorized representative of Debtor in this bankruptcy case and Lynn Stockwell is a decisionmaker for Debtor.

requests also suggest forum shopping. The strong public policy interest of comity with state courts counsels against this Court revisiting the State Court's findings of fact and conclusions of law.[24]

Further, the interest of judicial economy supports abstention and remand. Because the State Court's rulings are based on the evidence at the bench trial in the State Court Action, this Court could not make different findings of fact and conclusions from those made by the State Court without conducting a new bench trial that duplicates the lengthy bench trial already held. Further, the State Court was about to hold a jury trial on the damages claims when Debtor filed its chapter 11 case. The State Court Action involved extensive discovery and other pretrial proceedings. Discovery had closed and jury instructions were already submitted. The interest of judicial economy will be served if the State Court holds the jury trial.

These factors weigh in favor of abstention and remand.

*Severing claims against non-debtor parties, the possibility of inconsistent results, and the status of the proceeding upon removal.*

Under 28 U.S.C. § 1452(b), a court may remand any "claim or cause of action." So, in deciding whether to permissively abstain, particularly where there are claims against non-debtor parties, the court should consider whether to abstain and remand only as to the claims against the non-debtor parties. Mr. Fikany's claims against Debtor and his claims against the Stockwells are substantially similar and the alleged factual bases of the claims are inextricably intertwined. It would not make sense to sever the claims against Debtor from the claims against the Stockwells and remand only the claims against the Stockwells. Doing so would create the prospect of

---

[24] *See Rose v. Lundy*, 455 U.S. 509, 518 (1982) ("[F]ederal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." (quoting *Darr v. Burford*, 339 U.S. 200, 204 (1950)); *cf. Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494–95 (1942) (Generally, federal courts should abstain from "interference" in existing proceedings between the same parties, on issues not governed by federal law, in state courts.).

- 18 -

inconsistent results and would result in duplicative, expensive litigation. In contrast, entry of a final judgment after remand and a single trial on all claims would obviate the need for additional litigation to liquidate Defendant's claims against the bankruptcy estate.

These considerations weigh in favor of abstention and remand.

*"Related to" jurisdiction on claims against*
*non-debtor parties, jury trial rights, and unsettled issues.*

If this Court were to deny abstention and remand, Mr. Fikany would not be entitled to a jury trial on his damages claims against Debtor because he filed a proof of claim asserting those claims against the bankruptcy estate.[25] This is so because the filing of the proof of claim "converts the creditor's legal claim into an equitable claim to a pro rata share of the res [that is, property of the bankruptcy estate]."[26]

The parties disagree about whether Mr. Fikany's filing of a proof of claim negated his right to a jury trial in this adversary proceeding on his claims against the Stockwells. Those claims do not invoke this Court's core jurisdiction in the removed adversary proceeding because they are not claims against the bankruptcy estate *res*. The question is whether the claims against the Stockwells invoke this Court's equitable jurisdiction because 1) Mr. Fikany asserted substantially the same claims in the State Court Action against the Stockwells that he asserted against Debtor in his proof of claim, and 2) there is a common factual basis for Mr. Fikany's claims against the Stockwells and his claims against the estate; consequently, the resolution those claims may arguably be "integral to the restructuring of the debtor-creditor relationship through the bankruptcy court's equity jurisdiction."[27]

---

[25] *Langenkamp*, 498 U.S. at 44–45; *Katchen v. Landy,* 382 U.S. 323, 336-37 (1966).

[26] *Katchen*, 382 U.S. at 336.

[27] *Cf. Langenkamp*, 498 U.S. at 44–45 (holding that there was no Seventh Amendment right to a jury trial in a trustee's preferential transfer action against a creditor because the "creditor's claim and the ensuing

- 19 -

The Court need not decide this issue. Even if Mr. Fikany is entitled to a jury trial on his claims against the Stockwells, this Court cannot preside over the jury trial. Under 28 U.S.C. § 157(e), this Court may conduct a jury trial only if this Court is specially designated by the District Court to conduct jury trials and all parties have expressly consented to this Court conducting the jury trial. Neither requirement has been met. Therefore, the jury trial would need to be held by the District Court. Further, even if Mr. Fikany is not entitled to a jury trial on his claims against the Stockwells, this Court cannot enter a final order on those claims because Mr. Fikany did not consent to this Court's entry of final orders on those claims. At best, this Court has "related to" (non-core) jurisdiction over Mr. Fikany's claims against the Stockwells. Because Mr. Fikany filed a timely refusal to consent to this Court entering final orders and judgments on the claims,[28] under § 157(c)(1), the Court would submit proposed findings of fact and conclusions of law to the District Court and the District Court would, after review, enter final orders and judgments on the claims.

So, regardless of whether Mr. Fikany is entitled to a jury trial on his claims against the Stockwells, if this Court denies abstention and remand, this Court could not enter final judgments and orders on those claims. That circumstance favors abstention and remand to the State Court, which has presided over the litigation for over four years, has already conducted a five-day bench trial, and would have begun a jury trial within days after this Bankruptcy Case was filed but for Bankruptcy Code's automatic stay.

These factors weigh in favor of abstention and remand.

---

preference action by the trustee become integral to the restructuring of the debtor-creditor relationship through the bankruptcy court's *equity jurisdiction*.").

[28] *See Wellness Intern. Network, Ltd. v. Sharif*, 575 U.S. 665, 671 (2015) (a bankruptcy court can enter final orders and judgments when exercising its non-core "related to" jurisdiction only with the consent of the parties).

- 20 -

*Other abstention and remand factors.*

The Court has considered the other abstention and remand factors and has determined that the other factors either are not relevant to its decision or would be given little weight.

## CONCLUSION

Having considered and weighed the applicable abstention and remand factors, the Court has determined that it is not required to abstain from exercising jurisdiction over Mr. Fikany's claims against Debtor under 28 U.S.C. § 1334(c)(2). However, the Court, in its discretion, will abstain from exercising jurisdiction over Mr. Fikany's claims against Debtor under 28 U.S.C. § 1334(c)(1) and will remand those claims in this Adversary Proceeding to the State Court pursuant to 28 U.S.C. § 1452(b).

Further, the Court need not decide whether it is required to abstain from exercising jurisdiction over Mr. Fikany's claims against the Stockwells under 28 U.S.C. § 1334(c)(2). The Court, in its discretion, would abstain from exercising jurisdiction over Mr. Fikany's claims against the Stockwells under 28 U.S.C. § 1334(c)(1), remand those claims in this Adversary Proceeding to the State Court pursuant to 28 U.S.C. § 1452(b), even if mandatory abstention were not required.

The Court, therefore, will abstain under 28 U.S.C. § 1334(c)(1) from exercising jurisdiction over any claims by Debtor and any claims by Mr. Fikany against Debtor and/or the Stockwells and will remand this Adversary Proceeding to the State Court pursuant to 28 U.S.C. § 1452(b).

The Court will enter a separate order granting the Motion to Abstain and for Remand and closing this Adversary Proceeding.

ROBERT H. JACOBVITZ
United States Bankruptcy Judge

- 21 -

Date entered on docket: June 6, 2025

COPY TO:

Nephi D. Hardman
Attorney for Bright Green Corporation
Nephi D. Hardman Attorney at Law, LLC
9400 Holly Ave NE Bldg 4
Albuquerque, NM 87122

David M. Eisenberg
Attorney for John Fikany
Maddin, Hauser, Roth & Heller, P.C.
One Towne Square, Fifth Floor
Southfield, MI 48076

Christopher M Gatton
Attorney for John Fikany
Gatton & Associates, P.C.
10400 Academy NE, Suite 350
Albuquerque, NM 87111

Craig E. Zucker
Attorney for John Fikany
Maddin, Hauser, Roth & Heller, P.C.
One Towne Square, Fifth Floor
Southfield, MI 48076